# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN SCOTT DAVIS,

    Petitioner,

vs.

WARDEN PALMER, et al.,

    Respondents.

Case No. 3:11-CV-00897-RCJ-(WGC)

**ORDER**

    Petitioner, who is in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis, a motion seeking permission from the court to file petition in excess of four additional pages, and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court grants the motion to file a long petition. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, ___ S. Ct. ___, 2012 WL 43513, at *9 (2012). See also Nev. R. App. P. 4(b). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

      Petitioner pleaded guilty in state district court to one count of felony driving under the influence. The state court entered its judgment of conviction on June 30, 2009. Petitioner did not appeal, and the judgment of conviction became final on July 30, 2009. Petitioner filed a motion to withdraw his guilty plea on September 2, 2009. The state district court denied the motion on September 15, 2009. Petitioner appealed, and the Nevada Supreme Court affirmed on July 15, 2010. Remittitur issued on August 9, 2010.[1] Petitioner then filed a post-conviction habeas corpus petition in the state district court on August 11, 2010. The state district court denied the petition as

---

[1] The court obtains these dates from copies of state-court dockets that petitioner has attached to the petition.

untimely pursuant to Nev. Rev. Stat. § 34.726 on November 12, 2010. Notice of the order was entered on November 24, 2010. Petitioner appealed, and the Nevada Supreme Court affirmed on June 8, 2011. The Nevada Supreme Court denied rehearing on July 28 2011. Remittitur issued on August 22, 2011.[2] Petitioner mailed his federal habeas corpus petition to this court on December 13, 2011.

On its face, the petition is untimely. The period of limitation commenced after the judgment of conviction became final on July 30, 2009. Petitioner filed his plea-withdrawal motion 34 days later, on September 2, 2009. The court will assume that the plea-withdrawal motion was a properly-filed request for collateral review that tolled the period of limitation pursuant to 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, 131 S. Ct. 1278 (2011). The plea-withdrawal proceedings concluded on August 9, 2010, with the issuance of the remittitur. Petitioner filed his post-conviction habeas corpus petition in state court two days later. That petition was ineligible for tolling the period of limitation pursuant to § 2244(d)(2) because it was untimely. Pace, 544 U.S. at 417. Consequently, 491 days passed between the conclusion of the plea-withdrawal proceedings and the effective commencement of this action on December 13, 2011. A total of 525 non-tolled days passed between the finality of the judgment of conviction and the commencement of this action, and that time exceeds the one-year period of limitation of § 2244(d). Petitioner will need to show cause why the court should not dismiss this action as untimely.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the motion seeking permission from the court to file petition in excess of four additional pages and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[2]On September 15, 2011, the Nevada Supreme Court entered an order dismissing an appeal. Petitioner had tried to appeal from a hearing that did not occur and a final order that did not exist. The Nevada Supreme Court denied rehearing on November 17, 2011. Given that this was not a properly filed appeal, the court will not consider this order in its calculations. Additionally, as the court will show, the state habeas corpus petition itself is ineligible for tolling pursuant to 28 U.S.C. § 2244(d)(2), regardless of when that proceeding concluded.

1    IT IS FURTHER ORDERED that petitioner's motion seeking permission from the court to
2 file petition in excess of four additional pages is **GRANTED**.
3    IT IS FURTHER ORDERED that petitioner shall have 30 days from the date of entry of this
4 order to show cause why the court should not dismiss this action as untimely. Failure to comply
5 with this order will result in the dismissal of this action.
6    IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney
7 General for the State of Nevada, as counsel for respondents.
8    IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a
9 copy of the petition. Respondents' counsel shall enter a notice of appearance within 20 days of
10 entry of this order, but no further response shall be required from respondents until further order of
11 the court.
12    Dated: This ____23rd____ day of February, 2012.

_____
ROBERT C. JONES
Chief United States District Judge