

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN SCOTT DAVIS,

    Petitioner,

vs.

WARDEN PALMER, et al.,

    Respondents.

Case No. 3:11-cv-00897-RCJ-WGC

**ORDER**

The court directed petitioner to show cause why this action should not be dismissed as untimely. Order (#3). Petitioner has submitted a response (#9). The court finds that petitioner has not shown good cause, and the court will dismiss this action as untimely.

To restate the basic facts, the one-year period of limitation of 28 U.S.C. § 2244(d) began to run after the time to appeal petitioner's judgment of conviction expired, on July 30, 2009. Petitioner filed in state court a motion to withdraw his plea on September 2, 2009, 34 days later. The one-year federal period was tolled until the proceedings concluded on August 9, 2010, when the Nevada Supreme Court issued its remittitur. Petitioner filed a state habeas corpus petition on August 11, 2010, but it was untimely pursuant to Nev. Rev. Stat. § 34.726. Consequently, the one-year federal period was not tolled while the state habeas corpus petition was pending. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Petitioner mailed his federal habeas corpus petition to this court on December 13, 2011, 491 days after the issuance of the remittitur in the plea-withdrawal proceedings. A total of 525 non-tolled days have passed.

Petitioner presents multiple arguments why the court should equitably toll the one-year federal period. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace, 544 U.S. at 418). The court is not persuaded by any of them.

First, petitioner claims that he was unaware of the state post-conviction procedures until May 2010, because of the limited access he had to the prison's law library. However, that occurred while the plea-withdrawal motion was pending. Only 34 non-tolled days in the federal one-year period had passed, and the period was tolled while the plea-withdrawal motion was pending. Petitioner had most of the federal one-year period remaining to file a federal habeas corpus petition.

Second, petitioner argues that the state courts took too long to decide his plea-withdrawal motion. Specifically, four months passed from the time that the Nevada Supreme Court ordered the district court to provide transcripts of certain hearings until those transcripts were sent to the Nevada Supreme Court. By the time that the plea-withdrawal proceedings were finished, the state period of limitation in Nev. Rev. Stat. § 34.726 had expired, the state petition was untimely, and thus the time spent on the petition did not toll the federal period of limitation.[1] However, nothing stopped petitioner from pursuing both the plea-withdrawal motion and the state habeas corpus petition simultaneously, and the fact that he was able to pursue the plea-withdrawal motion showed that there was no extraordinary circumstance preventing him from filing a state habeas corpus petition.

Third, petitioner argues that he filed an amended state habeas corpus petition on October 18, 2010, which should have been the operative state petition, and thus the dismissal of the original state petition on October 21, 2010, was erroneous.[2] Petitioner further argues that he filed with the petition a memorandum explaining why operation of § 34.726 should be excused. There are

---

[1] The state statute of limitation does not provide for tolling while a plea-withdrawal motion is pending. Davis v. State, No. 57459, at 1 (Nev. June 8, 2011) (attached to petition as exhibit).

[2] The dismissal on this date was at a hearing. A written order was entered on November 12, 2010. Notice of entry of the order was sent to petitioner on November 24, 2010. The last date starts the running of the time to appeal the decision. Nev. Rev. Stat. § 34.575(1).

1  multiple problems with this amended petition. First, under state law, it appears to have been
2  unauthorized. The respondents had filed a motion to dismiss, which is attached to the response (#9)
3  as exhibit 2, and petitioner could have filed an opposition to that motion. Nev. Rev. Stat.
4  § 34.750(4). Petitioner could not have filed any other pleading, including the amended petition,
5  without first obtaining authorization from the state court. Nev. Rev. Stat. § 34.750(5). Second, the
6  amended state petition was just as untimely as the original state petition. The only difference was
7  that petition was trying to explain his untimeliness. Third, the Nevada Supreme Court did consider
8  and reject petitioner's explanations for his untimeliness. Davis v. State, No. 57459, at 2 (Nev. June
9  8, 2011) (attached to petition as exhibit). In short, nothing about the amended state habeas corpus
10 petition shows that petitioner was prevented from filing a federal habeas corpus petition.

        Fourth, petitioner argues that he was trying to exhaust his available state-court remedies
before turning to federal court, and thus was caught in a trap between exhaustion and timeliness.
However, nothing stopped petitioner from filing a protective federal petition in this court and then
asking the court to stay the proceedings while the state-court proceedings ran their course. See
Pace, 508 U.S. at 416. Indeed, the lack of any such filing in this court demonstrates what is
probably the largest problem for petitioner's argument for equitable tolling: The lack of diligence.
Petitioner learned that his state habeas corpus petition might be untimely not long after September
30, 2010, when the respondents moved to dismiss the petition as time-barred. He learned that the
state district court agreed and dismissed the petition as time-barred not long after November 24,
2010, when the state district court mailed its notice of entry of order. If petitioner had filed a
protective federal petition shortly after either of those dates, the federal petition would have been
timely.[3] Instead, petitioner waited more than a year before mailing the federal petition to the court.
Although petitioner was appealing the dismissal of the state habeas corpus petition during that time,

---

[3] Between the finality of the judgment of conviction on July 30, 2009, and the filing of the plea-withdrawal motion on September 2, 2009, 34 non-tolled days passed. Between the conclusion of the plea-withdrawal proceedings on August 2, 2010, and the mailing of the notice of entry of order on November 24, 2010, 107 non-tolled days passed. The total is 141 non-tolled days. Even taking a few days into account for the mail, petitioner had more than a half-year remaining to file a federal habeas corpus petition once he learned that his state habeas corpus petition was untimely.

he had no assurances that the Nevada Supreme Court would agree with him. Diligence required petitioner to file a federal habeas corpus petition as quickly as possible.

Petitioner also argues that he is actually innocent. The court can excuse the application of a procedural bar if a constitutional error in the criminal proceedings "resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner can present such a claim "if all the evidence, including new evidence, makes it 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Gandarela v. Johnson, 286 F.3d 1080, 1086 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). In a case involving a guilty plea, the evidence must show actual innocence of the charges dropped in exchange for the plea, as well as the charges to which the defendant pleaded guilty. Id. at 624. Actual innocence can excuse the operation of § 2244(d)(1).[4] Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011) (en banc).

Petitioner argues that he was charged with violating former Nev. Rev. Stat. § 484.3795(2) (2006),[5] driving under the influence and causing death or substantial bodily harm, but he never actually caused any harm or death. The citation to the statute in the information was a typographical error. The information should have cited to former Nev. Rev. Stat. § 484.3792(2) (2006).[6] This is apparent for three reasons. First, former § 484.3795(2) does not define a criminal offense, while former § 484.3792(2) does. Former § 484.3795(2) stated:

---

[4] In McQuiggin v. Perkins, No. 12-126, the Supreme Court of the United States is considering whether a petitioner claiming actual innocence needs to show an extraordinary circumstance that prevents timely filing and that he has been pursuing his rights diligently.

[5] After a 2009 revision, this statute is now Nev. Rev. Stat. § 484C.430.

[6] After the same 2009 revision, the provisions of this statute are now spread over Nev. Rev. Stat. §§ 484C.030, 484C.400, 484C.410, and 484C.420.

-4-

> A prosecuting attorney shall not dismiss a charge of violating the provisions of subsection 1 in exchange for a plea of guilty, guilty but mentally ill or nolo contendere to a lesser charge or for any other reason unless he knows or it is obvious that the charge is not supported by probable cause or cannot be proved at the time of trial. A sentence imposed pursuant to subsection 1 may not be suspended nor may probation be granted.

That provision only limits the discretion of the prosecutor. In contrast, former § 484.3792(2) stated, with emphasis added:

> 2.   Unless a greater penalty is provided in NRS 484.37955, a person who has previously been convicted of:
>
> (a)   *A violation of NRS 484.379 that is punishable as a felony pursuant to paragraph (c) of subsection 1*;
>
> (b)   A violation of NRS 484.3795;
>
> (c)   A homicide resulting from driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor or a controlled substance or resulting from any other conduct prohibited by NRS 484.379, 484.3795 or 484.37955; or
>
> (d)   A violation of a law of any other jurisdiction that prohibits the same or similar conduct as set forth in paragraph (a), (b) or (c),
>
> and who violates the provisions of NRS 484.379 is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 15 years, and shall be further punished by a fine of not less than $2,000 nor more than $5,000. An offender so imprisoned must, insofar as practicable, be segregated from offenders whose crimes were violent and, insofar as practicable, be assigned to an institution or facility of minimum security.

Second, the information does not allege that petitioner caused any death or substantial bodily harm, but it does allege that petitioner previously had been convicted of two violations of driving under the influence (former Nev. Rev. Stat. § 484.379 (2006), now Nev. Rev. Stat. § 484C.110) that were punishable as felonies, with the relevant facts of those convictions. Third, the guilty plea agreement and the judgment of conviction refer to the correct statute, former § 484.3792(2). Petitioner has not demonstrated that he is actually innocent. He has not even demonstrated legal insufficiency of his conviction, because the judgment of conviction refers to the correct statute. The court rejects petitioner's argument for actual innocence.

Petitioner has submitted an <u>ex parte</u> motion for appointment of counsel (#7) and a motion to extend prison copywork limit for federal habeas corpus action (#8). These motions are moot because the court is dismissing the action.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court must consider whether to grant a certificate of appealability because it is dismissing this action.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reasonable jurists might find the court's ruling on the timeliness of this action to be debatable. Most of the petition contains claims related to the confusion between former § 484.3795(2) and former § 484.3792(2). As noted above, ultimately petitioner was convicted and sentenced under the correct section. However, in ground 6 petitioner also alleges that counsel failed to file a direct appeal, which is a valid claim of the denial of a constitutional right. Consequently, the court will grant a certificate of appealability.

IT IS THEREFORE ORDERED that petitioner's ex parte motion for appointment of counsel (#7) and motion to extend prison copywork limit for federal habeas corpus action (#8) are **DENIED** as moot.

IT IS FURTHER ORDERED that this action is **DISMISSED** as untimely. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** on the issue of whether the court was correct in its determination that this action is untimely.

Dated: January 28, 2013.

_____
ROBERT C. JONES
Chief United States District Judge